## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| ALBANY LENDING & INVESTMENT, INC., | : : : | |
| Plaintiff, | : : | |
| vs. | : : | 1:05-CV-53 (WLS) |
| T.H. PRITCHETT, L.P., ET. AL., | : : | |
| Defendants. | : | |

## ORDER

Presently pending before the Court is Plaintiff's motion to dismiss and/or strike Counts II and III of Defendants' counterclaim. (Tab 11). Defendants have filed a response. (Tab 12). For the following reasons, Plaintiff's motion to dismiss and/or strike Counts II and III of the counterclaim (Tab 11) is **GRANTED-IN-PART and DENIED-IN-PART.**

Plaintiff argues that Counts II and III of the counterclaim fail to state a claim for which relief can be granted. Count II pleads a request for an award of attorneys fees pursuant to O.C.G.A. § 13-6-11 for bad faith conduct or stubborn litigiousness. Plaintiff asserts that Count II does not create an independent cause of action. Count III asserts a claim for punitive damages. Plaintiff also asserts that punitive damages are not a separate cause of action. Further, Plaintiff asserts that punitive damages are not awarded in a breach of contract case.

The Court notes that a motion to dismiss should not be granted unless it is clear from the pleadings that the plaintiff can prove no set of facts that would support his claim for relief. Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997). Such motions are viewed with disfavor and rarely granted. Brooks, 116 F.3d at 1369. This Court is required to accept well pled allegations as true and is required to draw all inferences in favor of the counterclaimant.

A close review of the counterclaim shows that despite the imperfections in the

complaint, such as pleading elements of damages as a cause of action, Defendants counterclaim makes it clear that attorneys fees and punitive damages are sought.  Defendants apparently concede Count III should be dismissed because they do not address it in their response brief. Normally punitive damages are not awarded in breach of contract cases. Therefore, Plaintiff's motion to strike Count III for punitive damages (Tab 11) is **GRANTED.**  Defendants do not concede that Count II, attorneys fees, fails to state a claim. Defendants point out that their claim for attorneys fees is based on the alleged bad faith breach of the underlying contract that is at the center of this dispute. If that allegation is proven true, then attorneys fees may be awarded.  Therefore, Plaintiff's motion to dismiss Count II of the counterclaim (Tab 11) is **DENIED.**  Accordingly, Plaintiff's motion to dismiss (Tab 11) is **GRANTED-IN-PART and DENIED-IN-PART.**

      **SO ORDERED**, this   30th    day of December, 2005.

                                          /s/W. Louis Sands
                                        **W. LOUIS SANDS, CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**